UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-21560-MORENO
MAGISTRATE JUDGE REID

MATTHEW FAISON,

    Plaintiff,

v.

MARCIA HENDRY, et al.,

    Defendant.

_____/

# REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

## I. Introduction

Plaintiff, **Matthew Faison**, a prolific *pro se* filer, has again returned to this Court to file this latest civil rights Complaint, pursuant to 42 U.S.C. § 1983, against two judges who are members of the Miami-Dade Eleventh Judicial Circuit Court, several Florida assistant state attorneys, and a Florida probation officer. [ECF 1, p. 2-3]. He takes issue with events that occurred in connection with his state criminal sentencing proceedings. [*Id.* p. 4-6]. This matter has been referred to the Undersigned for issuance of all preliminary orders and Report and Recommendation

on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-02. [ECF 3].

Because it is determined that the Plaintiff has qualified for status as a "three-striker," under the provisions of the Prison Litigation Reform Act ("PLRA"), this current filing is subject to dismissal.[1]

## II. Standard of Review

"In no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits or appeals." *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998). The proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the three strikes provision is to dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d

---

[1] Pursuant to Fed. R. Evid. 201, this Court takes judicial notice of its records. *See United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts.").

1234, 1236 (11th Cir. 2002). A three-striker cannot pay the filing fee after initiating suit as a retroactive cure. *Id*.

A review of Plaintiff's filing history reveals that he has brought at least three civil actions in this District which were dismissed and count as strikes under 28 U.S.C. § 1915(g), as further outlined below.

### III. Prior Filing History

A search of the United States Court's PACER system has revealed that, as of this date, Plaintiff has filed a plethora of prior qualifying predicates, which support the finding that he is and remains a three-striker, pursuant to 28 U.S.C. § 1915(g) including but not limited to:

1. *Faison v. Loredo*, Case No. 85-cv-2996-Scott (Dismissed as frivolous).

2. *Faison v. Thornton et al.*, Case No. 88-CV-801-Kehoe (Dismissed as frivolous).

3. *Faison v. Meyers*, Case No. 88-cv-2194-Keheo (Dismissed as frivolous).

In addition, it bears mentioning that the Plaintiff has filed numerous § 1983 actions in the Southern District of Florida which have been dismissed pursuant to § 1915(g) over more than three decades.[2] *See* Case Nos. 98-CV-1507-King, 98-CV-

---

[2] To the extent other filings by the Plaintiff have been dismissed for other reasons, including lack of prosecution, etc., those cases have not been considered by this court because they do not count as strikes for purposes of § 1915(g). *See Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278 (11th Cir. 2016).

2442-Hoeveler, 99-CV-0021-Moreno, 99-CV-2966-Jordan, 00-CV-0530-King, 05-CV-21172-Ungaro, 05-CV-21638-Moreno, 06-CV-22423-Jordan, 10-CV-20664-Ungaro, 17-CV-23987-Gayles, and 18-CV-20106-Martinez.

Since the enumerated prior filings constitute at least three strikes for purposes of § 1915(g), dismissal of this case is warranted. *See Allen v. Clark*, 266 F. App'x 815, 817 (11th Cir. 2008) (citing *Rivera v. Allin*, 144 F.3d 719. 723 (11th Cir. 1998)). Consequently, this § 1983 action should be dismissed under § 1915(g).

As a result of the Plaintiff's "three-striker" status, he is barred from proceeding IFP in this or any other federal court, pursuant to 28 U.S.C. § 1915(g), unless he can show that he was under imminent danger of serious physical injury at the time he filed this complaint. The Plaintiff has not alleged, let alone demonstrated, any facts which give rise to a finding that he is in imminent danger of serious physical injury. *See* [ECF 1]. The Plaintiff's allegations also do not suggest a pattern of misconduct evidencing the likelihood of imminent serious physical injury. [*Id.*].

No such showing has been made here. Plaintiff's complaint only takes issue with events which occurred in the past with respect to his state criminal sentencing proceedings. [ECF p. 4-6]. Since the Plaintiff does not qualify under the imminent danger exception to § 1915(g), dismissal of the instant civil rights action is, therefore, appropriate.

## V. Recommendations

Based upon the foregoing, it is **RECOMMENDED** that:

(1)  Plaintiff's Complaint [ECF 1] be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g) and *Dupree v. Palmer*, 284 F.3d 1234, 1237 (11th Cir. 2002);

(2)  any pending motions not otherwise ruled upon be dismissed;

(3)  this case **CLOSED**.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. §636(b)(1); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**SIGNED** this 1st day of July, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  **Matthew Faison**
038634-J2-136
Calhoun Correctional Institution
Inmate Mail/Parcels
19562 SE Institution Drive
Blountstown, FL 32424
*PRO SE*